Weygandt, C. J.,
dissenting. Superficially it may seem that this court is issuing an unimportant and innocent writ simply requiring the commissioners of Harrison County to prepare and maintain records and submit reports relating to the administration of relief to the disabled indigent persons in that county.
However, the implications of the matter are in reality much deeper than mere records and reports.
Under the provisions of Section 2731.01, Revised Code, “mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
What “law” specially enjoins on the respondent county commissioners the alleged duties concerning records and reports? It is not suggested that such duties are imposed by a statute or even an ordinance. Entire reliance is placed on a welfare department rule which counsel concede to be invalid at least in part because it is in direct conflict with a valid statute; and yet this court is asked to dignify this rule as “law” and base a writ of mandamus thereon.
*511 Furthermore, the respondent commissioners concede their statutory duty to administer poor relief in their county. In the performance of this duty they neither need nor want the so-called federal aid, but the welfare department is using its rule-making authority to determine this important question of policy and is insisting that the respondents no longer possess sufficient power of local self-government to administer their own poor relief.
Hence, the writ should be denied.